823 F.2d 549
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Dovell SHORTER, Defendant-Appellant.
 No. 86-5135
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1987.
Decided July 2, 1987.
 
 Howard L. Cardin, Cardin & Gitomer, P.A., on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Lisa M. Bell, Assistant United States Attorney, on brief, for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Norman Shorter appeals from his conviction on two counts of being a convicted felon in possession of a firearm. Shorter argues on appeal that the evidence was insufficient to establish that he knowingly received or possessed two firearms. We find that the evidence was sufficient to support the conviction, and the judgment below is affirmed.
 
 
 2
 In April of 1986, Shorter was recuperating from an injury and could only move around with crutches. As Shorter lay on his bed, a detective searched his bedroom pursuant to a warrant. The detective found an Uzi rifle under Shorter's bed and a handgun on top of a nearby bureau.
 
 
 3
 Several weeks later Peed, the manager of a firearms store, telephoned Schworm, a special agent with the Alcohol, Tobacco, and Firearms Bureau. Peed reported to Schworm that a black man on crutches had just come into his store, had identified himself as Norman Shorter, and had asked for a receipt for an Uzi rifle which he had purchased there some months earlier. Shorter explained that his Uzi had been seized by the police and that he needed proof of ownership to recover it.
 
 
 4
 Two days later Shorter was arrested by Schworm. After being given Miranda warnings, Shorter waived his rights and told Schworm that he was the owner of the Uzi and that he had purchased it when he was with his friend, Bates.
 
 
 5
 Shorter alleged that the foregoing evidence was insufficient to show that he had physical and actual possession of the guns. First, he pointed out that his physical condition allowed his friends the opportunity to use his home as a haven to store their possessions. Second, he established that Peed's store records indicated that he was not the purchaser of the gun, that, instead, it was purchased by Shorter's friend, Bates. Finally, Shorter alleged that his discussion with Peed and his admission to Schworm were made solely to cover up for another person.
 
 
 6
 The test is not whether this Court 'is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found [Shorter] guilty beyond a reasonable doubt.' United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)).
 
 
 7
 Shorter admitted to two people that the Uzi belonged to him. Both guns were found in his bedroom. After the Uzi was seized, Shorter tried to recover the gun. The revolver was in plain view on Shorter's dresser, and Shorter was in the bedroom when it was seized. Based on these facts, there is a reasonable basis upon which a rational trier of fact could have found that Shorter was guilty beyond a reasonable doubt of knowingly possessing the two firearms.
 
 
 8
 A decision to overturn a jury verdict for insufficient evidence must be restricted to cases where the prosecution clearly failed to meet its burden of proof. Burks v. United States, 437 U.S. 1, 17 (1978). The prosecution produced sufficient evidence to support Shorter's conviction. Thus, we affirm the judgment below. Because the facts and legal arguments are adequately presented in the briefs and record, the decisional process would not be significantly aided by oral argument.
 
 
 9
 AFFIRMED.